IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY J. LEBRON,
Inmate No. 622359,
    Plaintiff,

vs.                                    Case No.: 3:17cv34/LAC/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff subsequently filed amended and second amended complaints (ECF Nos. 4, 15). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Because Plaintiff is a prisoner, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Upon consideration, for the reasons given below, the court

recommends that this action be dismissed for failing to state a plausible claim upon which relief may be granted.

Plaintiff names fourteen (14) defendants in this action: the Florida Department of Corrections ("FDOC"), FDOC Secretary Julie Jones, Santa Rosa Correctional Institution ("SRCI") Warden Tifton, SRCI Assistant Warden Haas, Lieutenant Enfinger, Sergeant Reyes, Sergeant Sidler, Officer Engstrom, Officer Butler, Officer Jenks, Officer Gainer, Officer Del La Vega, Officer Johnson, and Officer Burch (ECF No. 15 at 1–5).[1] With the exception of the FDOC and Defendant Jones, all Defendants were employed at SRCI at the time of the events giving rise to this action.

Plaintiff states that on April 26, 2012, in retaliation for using the inmate grievance system, he was brought to C-dorm on the main compound (ECF No. 15 at 8). Plaintiff claims Defendant Enfinger stated to Defendants Reyes, Engstrom, Burch, Del La Vega, Gainer, and Johnson, that he wanted to use Plaintiff as an "example" and that he wanted Plaintiff to be "gassed," "stripped," and placed on close management ("C.M.") (*id.*). Plaintiff alleges he was being punished because the Defendants believed he was a "writ writer" (*id.*). Plaintiff claims that Reyes said "[w]e don't write grievances at Santa Rosa" and that if Plaintiff wrote a grievance they would "get

---

[1] In this order the court will refer to the page numbers assigned by the court's electronic filing system and not Plaintiff's handwritten page numbers.

Case No.: 3:17cv34/LAC/EMT

even" with him (*id*.). Plaintiff claims Reyes also threatened him with "physical harm" and to "strip" him (i.e., deprive him of his property and clothes in order to humiliate him) (*id*. at 8–9). Continuing, Plaintiff states that Reyes directed Defendants Engstrom, Gainer, Del La Vega, Johnson, and Burch to take Plaintiff's property, and they did so (*id*. at 9). Plaintiff also claims that Defendants Engstrom and Burch, along with two inmate workers, took two garbage bags full of Plaintiff's "legal documents" to be "disposed of" by Defendants Sidler and Butler, who worked in inmate property (*id*. at 10). Plaintiff claims he continued to send requests to Reyes, Sidler, and Butler, presumably about his property, and also continued to write grievances which resulted in threats from Defendants Engstrom, Gainer, Del La Vega, and Burch (*id*.).

Plaintiff states he was seen by the C.M. review board, on which Defendant Haas served (ECF No. 15 at 12). According to Plaintiff, Haas questioned Plaintiff's placement on C.M. because it was reserved for "the worst of the worst" (*id*.). Plaintiff contends that Hass' comments prove that his placement on C.M. was retaliatory (*id*.). Plaintiff was released from C.M. in January of 2013 (ECF No. 15 at 12). Plaintiff states he was told to sign for his property on an "unauthorized" paper by Defendant Butler, who also advised Plaintiff that his property would be shipped to his permanent institution as soon as they found it (*id*.). Plaintiff was then transferred to Martin

Correctional Institution ("MCI") (*id.*).[2] He claims that after he had been at MCI for several weeks, an officer received paperwork from Butler which indicated that Defendants Sidler and Butler "maliciously destroyed" Plaintiff's property on July 23, 2012 (*id.* at 13). Plaintiff claims his "legal documentation" was destroyed along with religious books, eleven legal books, personal clothing, prescription glasses, writing supplies, and canteen items (*id.*).

Plaintiff contends that the destruction of his legal documentation prevented him from filing a newly discovered evidence claim, as the evidence was contained in the destroyed property, and also from filing a federal habeas corpus petition (*see* ECF No. 15 at 14). Plaintiff seems to indicate that while he won a state appeal related to his court case, he could not "further his case" due to the loss of his paperwork showing "actual damages" (ECF No. 15 at 15).

Plaintiff claims that Defendants violated his First Amendment right to access the courts by retaliating against him for writing grievances by destroying his legal paperwork and other property, and his due process rights under the Fourteenth

---

[2] Plaintiff does not state when he was transferred to MCI in the Second Amended Complaint, but in an earlier complaint he stated he arrived at MCI on January 30, 2013 (*see* ECF No. 1 at 7).

Case No.: 3:17cv34/LAC/EMT

Amendment (ECF No. 1 at 15).[3] As his sole request for relief, Plaintiff seeks "$60,000.00 in compensatory damages" for the destruction of his . . . legal documents . . . [and] paperwork" (*id.*).

Plaintiff's factual allegations fail to state a plausible claim. The substantial interference with an inmate's access to the court system may constitute a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). Additionally, the seizure or deprivation of an inmate's legal materials may infringe upon his access to courts. Asad v. Crosby, 158 F. App'x 166, 172 (11th Cir. 2005); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). However, while inmates enjoy a constitutional right of access to the courts, that right is subject to reasonable restrictions that further the goals of institutional security and order. Bell v. Wolfish, 441 U.S. 520, 546–47 (1979). Moreover, as Plaintiff was previously advised (ECF No. 11 at 7–9), to successfully allege a constitutional violation based upon denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 349–50. The type of harm that is required in the

---

[3] Plaintiff lists the Sixth Amendment in his statement of claims; however, as this amendment sets forth rights that pertain to *criminal* proceedings, it will not be addressed further herein.

Case No.: 3:17cv34/LAC/EMT

constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 518 U.S. at 353 n.3; Wilson, 163 F.3d at 1291.

In the instant case, Plaintiff generally asserts that he was not able to litigate a newly discovered evidence claim or a federal habeas petition due to the deprivation of his property, but he still has not specified what legal materials were taken or the

impact their absence had on the legal proceedings at issue (in a prior order to amend, this court specifically advised Plaintiff as follows, "Plaintiff must be able to specify the nature of the legal materials that were taken and the impact that their absence had on the related legal proceedings." (ECF No. 11 at 9)). Although Plaintiff implies that the "newly discovered evidence" was among the paperwork taken and destroyed by Defendants, and he states that due to its destruction he was "prevent[ed] from filing his 'Newly Discovered Evidence' claim," the state court record belies his claim.[4]

---

[4] Plaintiff is serving a forty-year sentence for second degree murder after being convicted and sentenced in Volusia County, Florida in 2000 (*see* http://www.dc.state.fl.us/offenderSearch (search by Plaintiff's name or inmate number)). The online docket for the Volusia County Clerk of Court shows that on May 20, 2012, or about one month after the confiscation of Plaintiff's legal documents at SRCI on April 26, Plaintiff filed a motion for post-conviction relief based upon newly discovered evidence (*see* https://app02.clerk.org/ccms/caseCR_detail.aspx?d=353937382f2f2f&t=CF (hereinafter "docket sheet) at entry no. 614). The docket further shows that the trial court denied the motion and that Plaintiff appealed the denial to the Florida Fifth District Court of Appeal. On September 21, 2012, the Fifth DCA affirmed in part and reversed in part the trial court's decision, and remanded the matter to the trial court for further consideration of Plaintiff's claims (*see id.* at docket entry no. 618). Following the remand, Plaintiff continued to litigate the matter, including by filing motions for the appointment of counsel and for leave to amend in December of 2012, while Plaintiff was still on C.M. at SRCI. (*see* docket sheet). Plaintiff was transferred to MCI in January of 2013 and continued litigating. More particularly, the docket sheet shows that after the trial court denied post-conviction relief again, on July 11, 2014, Plaintiff appealed the denial to the Fifth DCA, and then he appealed the Fifth DCA's order affirming the trial court to the Florida Supreme Court (*id.*). The foregoing demonstrates that Plaintiff was able to pursue post-conviction relief after April 26, 2012, despite the confiscation of his legal materials and his placement on C.M.. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial

Case No.: 3:17cv34/LAC/EMT

Moreover, Plaintiff still has not explained or otherwise described the nature of the "newly discovered evidence" taken and destroyed by Defendants or why he allegedly was unable to pursue post-conviction claims without it, and he has not established that his post-conviction claims were arguably meritorious.

Without so much as a simple description as to how the Defendants' actions harmed or prejudiced him—in a criminal appeal (as noted above, Plaintiff indicates he prevailed in his appeal), a post-conviction matter, or a civil rights action (Plaintiff makes no mention of a civil rights action in his complaint) —Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff has also failed to state a claim regarding the destruction of his property because there is an adequate remedy at state law, namely Section 768.28 of the Florida Statutes, for Plaintiff to seek redress.  *See* Hudson v. Palmer, 468 U.S. 517, 533 (1984) (an unauthorized intentional deprivation of property by a state employee does not constitute a violation of procedural requirements of the due process clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (same).

---

notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Case No.: 3:17cv34/LAC/EMT

Finally, and perhaps most importantly, this action is subject to dismissal because Plaintiff is not entitled to compensatory damages—the only relief he seeks. 42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citation omitted). Where a prisoner plaintiff alleges constitutional violations, he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of a physical injury. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011)); *see also* Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). Failure to meet this injury requirement will result in dismissal of the claim. *See* Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis") (citing Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999)); *see also* Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027,

1030–31 (11th Cir. 2015) (affirming dismissal of complaint under §1997e(e) for failure to meet injury requirement); Perez-Hernandez v. Screws, 583 F. App'x 899 (11th Cir. 2014) (same).

Here, Plaintiff seeks compensatory damages for the destruction of his legal documentation and personal property and for Defendants' *threats*.  As he fails to allege physical injury at all, let alone injury that is more than de minimus, he is not entitled to the only relief he seeks.  Plaintiff was previously advised that he could not recover compensatory damages in the absence of any allegations of physical injury (ECF No.  11 at 14), yet thereafter he submitted the instant complaint in which he seeks such damages, and such damages only.[5]

Accordingly, it respectfully **RECOMMENDED**:

1.	That this case be **DISMISSED WITHOUT PREJUDICE** as failing to state a plausible claim pursuant to 28 U.S.C. § 1915A(b)(1).

---

[5] The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also* Smith v. Allen, 502 F. 3d at 1271 (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under the PLRA).  Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory damages. *See, e.g.*, Sears v. Rabion,  97 F. App'x 906 (Table) (11th Cir. 2004) (affirming district court's sua sponte dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). *Cf.* Geiger, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief in some contexts).

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 25th day of July 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:17cv34/LAC/EMT